FR:bsg
F.# 2005R02253

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA,

- against -

GILBERT CHANG,

        Defendant.

------------------------------X

PRELIMINARY ORDER OF
FORFEITURE

12 CR 175 (SJF)

ORIGINAL FILED BY ECF

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★ MAY 30 2013 ★

LONG ISLAND OFFICE

WHEREAS, on May 21, 2013, GILBERT CHANG (the "Defendant") entered a plea of guilty to count Six of the above-captioned indictment, charging a violation of 31 U.S.C. § 5324(a)(3); and

WHEREAS, pursuant to 31 U.S.C. § 5317(c), the Defendant consents to the entry of a money judgment in sum of five hundred thousand dollars and no cents ($500,000.00) (the "Forfeiture Money Judgment") and the forfeiture of the real property and premises located at 24 Windmere Way, Woodbury, New York 11797 together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, designated as Section 14, Block 37 and Lot 24 on the Nassau County Tax Map, and all proceeds traceable thereto (the "Windmere Way Property"), as property, real or personal, involved in a violation of 31 U.S.C. § 5324(a)(3), or a conspiracy to commit such a violation, and all property traceable thereto and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, by and between the United States and the Defendant as follows:

1. The Defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and the Windmere Way Property pursuant to 31 U.S.C. § 5317(c) and 21 U.S.C. § 853(p).

2. Based upon the Defendant's plea, the Defendant shall remit to the government the above-referenced forfeiture amount as provided herein. If the Defendant fails to pay any portion of the Forfeiture Money Judgment on or before the date of his plea (the "Due Date"), interest shall accrue thereon at the judgment rate of interest. All payments made towards the Forfeiture Money Judgment shall be made in the form of a bank or certified check payable to the "Department of Treasury" and shall be delivered by hand or overnight delivery via Federal Express to Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York, 11722.

3. The Defendant knowingly and voluntarily waives his right to any required notice concerning the entry of the Forfeiture Money Judgment and the forfeiture of the Windmere Way Property forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the amount of the Forfeiture Money Judgment and Windmere Way Property, and waives all constitutional, legal and equitable defenses to the forfeiture of the amount of the Forfeiture Money Judgment and the Windmere Way Property, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

4. The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district on the government's website located at http://www.forfeiture.gov of its intent to dispose of the Windmere Way Property in such a manner

as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known, or alleged, to have an interest in the Windmere Way Property as a substitute for published notice as to those persons so notified.

5. Any person, other than the Defendant, asserting a legal interest in the Windmere Way Property may, within thirty (30) days of the final publication or within sixty (60) days from the first day of publication, of notice or receipt, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Windmere Way Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Windmere Way Property, in any administrative or judicial proceeding. The Defendant shall take whatever steps are necessary to ensure that clear title to the Windmere Way Property passes to the United States, including the execution of any documents necessary to effectuate the forfeiture of the Windmere Way Property to the United States. Further, if any third party files a claim to the Windmere Way Property, the Defendant will assist the government in defending such claim. If the Forfeiture Money Judgment and the Windmere Way Property, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order of Forfeiture against any other assets of the Defendant up to the value of the Forfeiture Money Judgment and the Windmere Way Property, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The forfeiture of the amount

of the Forfeiture Money Judgment and the Windmere Way Property shall not to be considered a payment of a fine or a payment on any income taxes that may be due.

7. The United States shall have clear title to the Windmere Way Property identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

8. The Defendant also agrees to allow the Internal Revenue Service ("IRS") without any prior court approval, upon twenty-four (24) hour notice to be given in writing, by telephone, email or any other method reasonably calculated to provide notice to his counsel, or such other person as may be designated, access to enter and inspect, in its entirety, the Windmere Way Property to conduct an inspection to, among other things, ensure that the premises are being maintained in good repair. In the event that the government determines that the premises are not being maintained in good repair, or that any other act or omission by Defendant or the occupants of the premises adversely affects the marketability and habitability of the premises, the government shall provide a written notice to cure such defects, within such time as is reasonable and is specified in the notice. Should the identified defects not be cured timely, the government shall be entitled to all of its rights and remedies to preserve the marketability and habitability of the premises, including, without limitation, applying for an interlocutory order of sale and eviction of all occupants.

9. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of

Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the property forfeited herein shall be forfeited to the United States for disposition in accordance with law.

10. This Preliminary Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

11. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Preliminary Order of Forfeiture.

12. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order of Forfeiture to Brian Gappa, FSA Asset Forfeiture Specialist, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722

Dated: Central Islip, New York
     May __, 2013

s/ Sandra J. Feuerstein

HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE